LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DAVID VALENCIA, *on behalf of himself,*
*FLSA Collective Plaintiffs and the Class,*

        Plaintiff,

        v.

GAMMA THOMPSON CORP.
    d/b/a BLUE HAVEN WEST,
EPSILON 493 CORP.
    d/b/a BLUE HAVEN EAST,
ALPHA 129 REST. LLC
    d/b/a LUCKY JACK'S,
BETA CLINTON CORP.
    d/b/a DONNYBROOK,
DELTA 510 CORP.
    d/b/a 11TH STREET BAR,
ZETA 383 CORP.
    d/b/a MY FRIEND DUKE,
MEGHAN JOYE and
DIARMUID JOYE,

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, DAVID VALENCIA (herein, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, GAMMA THOMPSON CORP. d/b/a BLUE HAVEN WEST, EPSILON 493 CORP. d/b/a BLUE HAVEN EAST, ALPHA 129 REST. LLC

1

d/b/a LUCKY JACK'S, BETA CLINTON CORP. d/b/a DONNYBROOK, DELTA 510 CORP. d/b/a 11TH STREET BAR, ZETA 383 CORP. d/b/a MY FRIEND DUKE (together the "Corporate Defendants"), and MEGHAN JOYE and DIARMUID JOYE (the "Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff DAVID VALENCIA is a resident of Kings County, New York.

6. Defendants own and operate an enterprise of bar restaurants throughout New York City at the following locations with the following tradenames:

   a. Blue Haven (West) – 108 West Houston Street, New York, NY 10012;

   b. Blue Haven (East) – 493 Third Avenue, New York, NY 10016;

   c. Lucky Jack's – 129 Orchard Street, New York, NY 10002;

    d. Donnybrook – 35 Clinton Street, New York, NY 10002;

    e. 11th Street Bar – 510 East 11th Street, New York, NY 10009; and

    f. My Friend Duke – 383 Third Avenue, New York, NY 10016 (together, the "Restaurants.").

The Restaurants are or were engaged in related activities, shared common ownership and had a common business purpose. The Restaurants are commonly owned through the common control of Individual Defendants. In addition, employees work interchangeably between the Restaurants.

    7. Defendants operate the Restaurants through the following Corporate Defendants:

(a) Corporate Defendant GAMMA THOMPSON CORP. d/b/a BLUE HAVEN WEST is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 108 West Houston Street, New York, NY 10012 and an address for service of process located at c/o Frank W. Palillo, Esq., 299 Broadway, Suite 1820, New York, NY 10007. Defendants operate Blue Haven West through Corporate Defendant GAMMA THOMPSON CORP. Individual Defendants are the owners of GAMMA THOMPSON CORP. d/b/a BLUE HAVEN WEST.

(b) Corporate Defendant EPSILON 493 CORP. d/b/a BLUE HAVEN EAST is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 493 Third Avenue, New York, NY 10016 and an address for service of process located at c/o Frank W. Palillo, Esq., 60 Broad Street, Suite 3504, New York, NY 10004. Defendants operate Blue Haven East through Corporate Defendant EPSILON 493 CORP. Individual Defendants are the owners of EPSILON 493 CORP. d/b/a BLUE HAVEN EAST.

(c) Corporate Defendant ALPHA 129 REST. LLC d/b/a LUCKY JACK'S is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 129 Orchard Street, New York, NY 10002 and an address for service of process located at c/o Frank Palillo, Esq., 277 Broadway, Suite 200, New York, NY 10007. Defendants operate Lucky Jack's through Corporate Defendant ALPHA 129 REST. LLC. Individual Defendants are the owners of ALPHA 129 REST. LLC d/b/a LUCKY JACK'S.

(d) Corporate Defendant BETA CLINTON CORP. d/b/a DONNYBROOK is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 35 Clinton Street, New York, NY 10002 and an address for service of process located at c/o Frank W. Palillo, Esq., 299 Broadway, Suite 1820, New York, NY 10007. Defendants operate Donnybrook through Corporate Defendant BETA CLINTON CORP. Individual Defendants are the owners of BETA CLINTON CORP. d/b/a DONNYBROOK.

(e) Corporate Defendant DELTA 510 CORP. d/b/a 11TH STREET BAR is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 510 East 11th Street, New York, NY 10009 and an address for service of process located at c/o Frank W. Palillo, Esq., 60 Broad Street, Suite 3504, New York, NY 10004. Defendants operate 11th Street Bar through Corporate Defendant DELTA 510 CORP. Individual Defendants are the owners of DELTA 510 CORP. d/b/a 11TH STREET BAR.

(f) Corporate Defendant ZETA 383 CORP. d/b/a MY FRIEND DUKE is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 383 Third Avenue, New York, NY 10016 and an address for service of process located at c/o Frank W. Palillo, Esq., 60 Broad Street, Suite 3504, New York, NY 10004.

Defendants operate My Friend Duke through Corporate Defendant ZETA 383 CORP. Individual Defendants are the owners of ZETA 383 CORP. d/b/a MY FRIEND DUKE.

8. Individual Defendants:

(a) Individual Defendant MEGHAN JOYE is a co-owner and principal of each of the Corporate Defendants. MEGHAN JOYE exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, she exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to MEGHAN JOYE regarding any of the terms of their employment, and MEGHAN JOYE would have the authority to effect any changes to the quality and terms of employees' employment. MEGHAN JOYE ensured that employees effectively serve customers and that the business is operating efficiently and profitably. MEGHAN JOYE exercised functional control over the business and financial operations of all Corporate Defendants. MEGHAN JOYE had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(b) Individual Defendant DIARMUID JOYE is a co-owner and principal of each of the Corporate Defendants. DIARMUID JOYE exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all relevant times, employees could complain to DIARMUID JOYE regarding any of the terms of their employment, and DIARMUID JOYE would have the

authority to effect any changes to the quality and terms of employees' employment. DIARMUID JOYE ensured that employees effectively serve customers and that the business is operating efficiently and profitably. DIARMUID JOYE exercised functional control over the business and financial operations of all Corporate Defendants. DIARMUID JOYE had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

9. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

11. At all relevant times, Defendants employed at least eleven (11) employees within the meaning of the NYLL.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including servers, bussers, food runners, bartenders, food preparers, cooks, line cooks, dishwashers, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

them their proper wages due to time shaving. A subclass of tipped employees has a claim for unpaid minimum wage and overtime, including those from an improperly deducted tip credit. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including servers, bussers, food runners, bartenders, food preparers, cooks, line cooks, dishwashers, among others) employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40).

18. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages due to time-shaving, (ii) failing to provide Class members with proper wage statements with every payment of wages, and (iii) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

19. With regard to the Tipped Subclass, Defendants also failed to pay them the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. The Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

20. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing

incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

    c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

    d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e. Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

f. Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

g. Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

h. Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workweek;

i. Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law;

j. Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the New York Labor Law;

k. Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

l. Whether Defendants paid Plaintiff and Class members the proper wage for all hours worked; and

m. Whether Defendants properly compensated Plaintiff and Class members their proper overtime under state law.

## STATEMENT OF FACTS

25. Plaintiff DAVID VALENCIA:

(a) In or about October 2017, Plaintiff was hired by Defendants to work as a cook at Defendants' Blue Haven West restaurant, located at 108 West Houston Street, New York, NY 10012. Plaintiff stopped working for Defendants in or around March 2018. In or around October 2018, Defendants rehired Plaintiff to work as a cook at their Blue Haven West restaurant. Thereafter, Plaintiff worked for Defendants until on or about February 21, 2019. The manager at Blue Haven West offered Plaintiff a position to work at Defendants' Blue Haven East restaurant after his employment ended at Blue Haven West, but Plaintiff did not transfer to Blue Haven East after February 21, 2019.

(b) Throughout Plaintiff's employment with Defendants, Plaintiff was regularly scheduled to work thirty-nine (39) hours per week from 5:00pm to 12:00am on Wednesdays, Thursdays and Sundays, and from 5:00pm to 2:00am on Fridays and Saturdays. However, at all times, Plaintiff actually worked at least forty-three (43) hours per week. In addition to his scheduled hours, Plaintiff was required to arrive and start work fifteen (15) minutes before the start of his scheduled shift and required to stay and work until at least fifteen (15) to thirty (30) minutes beyond his scheduled shift. At least twice a week, instead of staying at work for an additional fifteen to thirty minutes, Plaintiff was required to stay for at least an hour. Plaintiff worked without any breaks. FLSA Collective Plaintiffs and Class Members were required to work similar hours and were not compensated for their overtime hours due to Defendants' policy of time-shaving.

(c) From the beginning of Plaintiff's employment until in or around March 2018, Defendants paid Plaintiff at an hourly rate of $15.00 per hour, for all hours worked up to forty (40) hours per week. From in or around October 2018 until the end of Plaintiff's employment with Defendants, Plaintiff was paid an hourly rate of $16.00 per hour, for all hours worked up to

forty (40) hours per week. Throughout Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for any of his overtime hours worked due to Defendants' time-shaving policy.

26. A subclass of FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to the subclass of FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL, (vi) failed to accurately track daily tips earned or maintain records thereof, (vii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, and (viii) failed to provide a proper wage statement with every payment of wages informing tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

27. The subclass of FLSA Collective Plaintiffs and the Tipped Subclass were required to engage more than 20% of their working time in non-tipped related activities, including preparing food, restocking supplies and ingredients, and cleaning the restaurant and bathroom. Even though Defendants required tipped employees to engage in non-tipped activities for hours

13

exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for <u>all</u> hours worked by tipped employees.

28. At all times, Plaintiff, FLSA Collective Plaintiffs and the Class were required to arrive and start working fifteen (15) minutes prior to the start of their respective shifts and they were required to stay and continue working until fifteen (15) to thirty (30) minutes after their scheduled shift. At least twice a week, instead of staying fifteen to thirty minutes, Plaintiff, FLSA Collective Plaintiffs and Class Members were required to stay and continue working for at least an hour past their scheduled shift to continue serving customers. Even though Plaintiff, FLSA Collective Plaintiffs and Class Members regularly worked over 40 hours per week, Defendants only compensated their employees for up to forty (40) hours per week and failed to compensate them for any of their overtime hours worked. Defendants did not maintain any clock-in and clock-out mechanism to record employees' actual hours worked. As a result of Defendants' time-shaving policy, which failed to compensate non-exempt employees for all of their actual hours worked, Defendants failed to compensate Plaintiff, FLSA Collective Plaintiffs and Class Members for at least three (3) hours of overtime each week.

29. Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

30. Plaintiff and Class members received wage statements that were not in compliance with the New York Labor Law. Defendants were required to provide itemized listings of deductions taken on a wage statement with every payment of wages. Defendants failed to satisfy the requirements under the NYLL because the wage statements did not clearly include tip credit allowance for each payment period. Plaintiff and Class members also received fraudulent wage

statements that failed to accurately reflect the number of hours worked and their proper compensation.

31. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiff, FLSA Collective Plaintiffs and Class members. Defendants were also not entitled to claim any tip credits under FLSA or NYLL.

32. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked.

33. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

34. Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

35. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiff realleges and reavers Paragraphs 1 through 35 of this class and collective action Complaint as fully set forth herein.

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

38. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

40. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits under the FLSA.

41. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of time and one-half, including overtime wages owed due to Defendants' policy of time-shaving.

42. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked due to Defendants' policy of time shaving.

43. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA,

Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

47. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

48. Plaintiff realleges and reavers Paragraphs 1 through 47 of this class and collective action Complaint as fully set forth herein.

49. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

50. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them proper wages in the lawful amount for hours worked. Defendants were also not entitled to claim any tip credits.

51. At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and Class members for all of their hours worked due to Defendants' policy of time shaving.

52. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never

clearly included in wage statements to tipped employees for each payment period. Defendants also provided fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

53. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

54. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and the New York Labor Law, including those due to time shaving and an invalid tip credit;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the New York Labor Law;

f. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

h. Designation of this action as a class action pursuant to F.R.C.P. 23;

i. Designation of Plaintiff as Representatives of the Class; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 31, 2019

                                  Respectfully submitted,

By: */s/ C.K. Lee*
     C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*