UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID VALENCIA,

                Plaintiff,

-v-

GAMMA THOMPSON CORP. d/b/a "BLUE HAVEN WEST," EPSILON 493 CORP. d/b/a "BLUE HAVEN EAST," ALPHA 129 REST. LLC d/b/a "LUCKY JACKS," BETA CLINTON CORP. d/b/a "DONNYBROOK," DELTA 510 CORP. d/b/a "11TH STREET BAR," ZETA 383 CORP. d/b/a "MY FRIEND DUKE," MEGHAN JOYE, and DIARMUID JOYE,

                Defendants.

CIVIL ACTION NO.: 19 Civ. 07178 (SLC)

**SETTLEMENT APPROVAL**

**SARAH L. CAVE,** United States Magistrate Judge.

    The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 57).  The parties have now submitted a joint letter in support of settlement (the "Fairness Submission") (ECF No. 54) and proposed settlement agreement (the "Agreement") (ECF No. 54-1) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

    Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of a FLSA settlement."  Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (internal citation omitted).  In addition, should the settlement not be consummated, certain of the Defendants may face difficult financial circumstances exacerbated by the financial downturn resulting from the COVID-19 Pandemic.

These circumstances, therefore, also "militate[] in favor of finding a settlement reasonable." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (explaining that significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of the settlement agreement, which "[g]uarantee[d] recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the Fairness Submission, the Agreement, and the accompanying exhibits, the Court finds that all of the terms of the proposed settlement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Accordingly, the Court approves the settlement.

This action is dismissed with prejudice and without costs except as may be stated in the settlement agreement.  The Court will retain jurisdiction to enforce the settlement agreement.  Any pending motions are moot.  The Clerk of Court is respectfully directed to close this case.

Dated: New York, New York
August 19, 2020

SO ORDERED

_____
SARAH L. CAVE
**United States Magistrate Judge**